UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN WESLEY KIMBROUGH, III,

    Plaintiff,

        v.                                 CAUSE NO. 3:21-CV-308-JD-MGG

RON NEAL,

    Defendant.

OPINION AND ORDER

John Wesley Kimbrough, III, a prisoner without a lawyer, began this case by filing a document titled "Emergency Preliminary Injunction." ECF 1. He did not file a complaint. Nevertheless, a filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Therefore the court will construe the motion as both a preliminary injunction motion and a complaint asking for injunctive relief.

Kimbrough alleges the Indiana State Prison Warden shut off all inmate access to telephone and internet communications on April 27, 2021, as part of a prison-wide shakedown. He alleges this is preventing him from communicating with his attorneys by phone or email and asks the court to order these services reinstated.

Kimbrough explains he did not exhaust his administrative remedies before filing this case. Rather, "I'm beginning the process today." ECF 1 at 5. He says he did not wait

to file this lawsuit "because the grievance process is not sufficient or efficient enough to address these issues." ECF 1 at 5. However, prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). There is no futility exception to the exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001). "Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile. The sole objective of [42 U.S.C.] § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations and quotation marks omitted).

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis in original).

For these reasons, this case is DISMISSED WITHOUT PREJUDICE because it was filed before John Wesley Kimbrough exhausted his administrative remedies.

SO ORDERED on May 4, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT